IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE:

ANNE F. EDWARDS,

    Appellant,

v.                                Case No. 5:09-CV-163 (HL)

UNITED STATES TRUSTEE,

    Appellee.

## ORDER

This appeal comes to this Court from the United States Bankruptcy Court of the Middle District of Georgia (the "bankruptcy court"). The Debtor appeals the decision of the bankruptcy court to dismiss the Debtor's Chapter 7 bankruptcy case. For the following reasons, the decision of the bankruptcy court is affirmed.

### I. Factual Background

The Debtor filed her pro se Chapter 7 bankruptcy petition on October 27, 2008. The bankruptcy court set the date for the Debtor's § 341 meeting of creditors for December 3, 2008. On October 28, the bankruptcy court notified the Debtor that her petition was incomplete as she had failed to file various required documents, including her schedules and her means test. The Debtor filed these missing documents on October 31. Additionally, according to 11 U.S.C. § 521(e)(2)(A)(i), the Debtor was required to file her

most recent tax return within seven days of December 3, which the Debtor failed to do.

The meeting of creditors on December 3 was attended by the Debtor, an attorney for the United States Trustee and a representative of the Debtor's largest creditor. The representative of the Debtor's largest creditor traveled approximately 85 miles from Decatur, Georgia, to Macon, Georgia, to attend the meeting. Soon after the meeting began, the Debtor requested that the meeting be continued in order that she might seek counsel, a request that was granted. The meeting was rescheduled for December 22, 2009.

On December 19, the Debtor filed a motion to continue the rescheduled meeting of creditors. The bankruptcy court did not enter an order on the motion, and the meeting was called on December 22 as scheduled. The Debtor did not appear and the chapter 7 trustee again continued the meeting to January 14, 2009. Again, the Debtor filed a motion to continue the twice-rescheduled meeting of creditors. The bankruptcy court did not enter an order on the motion and the chapter 7 trustee again called the meeting as scheduled. The Debtor did not appear. The attorney for the United States Trustee and the representative for the Debtor's largest creditor both were present at all of the meetings of creditors.

On January 16, the United States Trustee filed a motion to dismiss the Debtor's case, pursuant to 11 U.S.C. §§ 707(a) and 521(e)(2)(B), based on the Debtor's repeated failure to attend her meeting of creditors and her failure to file a copy of her most recent tax return. In its motion, the United States Trustee noted that the Debtor had previously filed a chapter 13 bankruptcy petition, and that this case was dismissed as a result of the Debtor's failure to file documents in a timely manner. The bankruptcy court scheduled a hearing for February 19 to discuss the Trustee's motion to dismiss.

On February 12, the Debtor informed the bankruptcy court by letter that she would not attend the scheduled hearing "due to health reasons," and requested that her case be "discharged, as is, in order to expedite this discharge." The Debtor did not appear at the February 19 hearing and the bankruptcy court subsequently dismissed her case.

## II. Discussion

The issue in this case is whether the bankruptcy court erred in dismissing the Debtor's case.[1]  The answer is plainly no.

---

[1] In her brief to this Court, the Debtor argues that there are four issues: (1) "Did the Bankruptcy Court err in not asserting the Appellant's claims on her behalf;" (2) "Looting an Estate or Corporation is barred by virtue of rights held under the United States Constitution;" (3) "There were other creditors in the Bankruptcy Chapter 7 Plan;" and (4) "Pain and Suffering have occurred because of the above actions." This Court is not in a position to address any of these "issues." The only activity in the case, aside from the constant rescheduling of the meeting of creditors, was the order dismissing the case. To the extent that any of the issues that the Debtor raises are actual issues that can be discussed according to law, the case simply did not advance far enough to raise any other issues

3

This court analyzes a bankruptcy court's conclusions of law de novo. In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). See also Fed. R. Bankr. P. 8013 (standard of appellate review).

A.  Tax Returns

Under 11 U.S.C. § 521(e)(2)(A)(i),

> The debtor shall provide . . . not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law . . . for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed . . . .

If the debtor fails to produce her tax return as required, "the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." Id. at § 521(e)(2)(B). The date first scheduled for the first meeting of creditors was December 3, 2008. As the Debtor never filed her tax returns, there can be no way to argue that she complied with the statute. Additionally, because the Debtor never communicated with the court except to ask for continuances, and because she failed to respond to the motion to dismiss, or even to appear at the hearing on the motion, she never demonstrated that her failure to comply with the requirements of § 521(e)(2)(A)(i) was due to circumstances beyond her control. Therefore, the bankruptcy court was justified in dismissing the case.

B.  Meeting of Creditors

---

other than whether the bankruptcy court erred in dismissing the case.

4

"Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a).  At this meeting of creditors, "[t]he debtor shall appear and submit to examination under oath . . . .  Creditors . . ., any trustee . . ., or the United States trustee may examine the debtor."  Id. at § 343.  If the debtor fails to appear at a meeting of creditors, this can constitute cause for dismissal of the debtor's case under 11 U.S.C. § 707(a).  See e.g., In re Merriam, 250 B.R. 724, 738 (Bankr. D. Colo. 2000).  The reason for this rule is that the meeting of creditors is an important part of the bankruptcy proceedings as it provides a forum for interested parties to question the Debtor on issues relating to dischargeability, estate administration and the debtor's financial affairs.  In re Cochener, 360 B.R. 542, 576 (S.D. Tex. 2007).  "Thus, the debtor's presence at the § 341 meeting is not merely ceremonial, but instead plays a pivotal role in providing the creditors and the trustee with valuable information."  Id.

When a debtor not only fails to attend her meeting of creditors or to provide documents demanded by order of the court, the bankruptcy code or the bankruptcy rules, then dismissal is the appropriate action for a court to take.

> The courts cannot afford to indulge [debtors] who . . . regard their own cases as mere frivolities.  Significant failures and refusals to prosecute in accordance with the orders of the court and general rules of procedure can only be answered with dismissals.  Otherwise, the delay . . . is sanctioned and encouraged by the court .

5

> . . It is therefore the duty of the court to exact compliance with its own orders and the governing procedural rules and to impose the penalty of dismissal for failure to comply in significant respects.

Matter of Ladd, 82 B.R. 476, 478 (Bankr. N.D. Ind. 1988) (quoting Matter of Kleeman, 54 B.R. 62, 65 (Bankr. W.D. Mo. 1985)).

The creditors in this case were prejudiced by the unreasonable delay by the Debtor. For example, the Debtor's actions made it impossible for the chapter 7 trustee to fulfill his duties to the creditors by administering the estate. If the trustee could not administer the estate, none of the creditors could get paid. Additionally, the meetings of creditors were all attended by a representative of the Debtor's largest creditor, who traveled 85 miles each way to attend all of the meetings of creditors.

The Debtor's conduct in this case is inexcusable. The bankruptcy court was right to have held that the Debtor's actions constituted cause under § 707(a).

### III. Conclusion

The bankruptcy court did not err in dismissing the Debtor's case. The decision of the bankruptcy court is affirmed.

**SO ORDERED,** this the 27th day of January, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch

6